HOFFMAN, APPELLANT, *v.* POWELL, APPELLEE.

(No. 1265—Decided March 7, 1952.)

*Mr. Arthur Palmer* and *Messrs. Stump, Wardlaw & Mitchell,* for appellant.

*Mr. William Marshall* and *Messrs. Guarnieri & Secrest,* for appellee.

PHILLIPS, J. In this opinion Blanche Hoffman, plaintiff, appellant, and her deceased husband, Harry P. Hoffman, will be called plaintiff and decedent respectively; defendant Powell will be designated as defendant; and the Industrial Commission of Ohio will be referred to as the commission.

On November 2, 1946, and for some time prior thereto, decedent had been and was employed regularly on the afternoon shift as a watchman by the Falls Steel & Tube Company of Newton Falls; Trumbull county, Ohio.

During the morning of that day, and for some time prior thereto, he was doing and had done odd jobs for defendant, who conducted a grocery store and meat market in Newton Falls, Ohio, where he employed two admittedly regular employees, and where defendant and his wife worked regularly also.

While erecting storm windows for defendant on November 2, 1946, in an apartment situated over defendant's grocery store, decedent was injured, as a result of which there is evidence he developed personality changes, which in turn caused him to take his own life.

On rehearing of plaintiff's claim for allowance of compensation had before the Industrial Commission, where the necessary procedural steps had been taken, the commission denied plaintiff's claim on the ground "that decedent was not an employee of the within named employer on November 2, 1946, within the meaning of the Workmen's Compensation Act of Ohio; that the decedent's death was not a result of nor related to an injury sustained in the course of and arising out of his employment."

On hearing had before the Court of Common Pleas on plaintiff's appeal from the denial of her claim by the commission, the trial judge directed the jury to return a verdict for defendant upon the conclusion of the introduction of plaintiff's evidence, entered judgment accordingly, and overruled plaintiff's motion for a new trial.

Plaintiff appealed to this court on questions of law from the final judgment of the trial court, and contends by assignments of error:

"1. The court erred as a matter of law in directing said verdict.

"2. Said verdict is against the weight of the evidence.

"3. Said verdict is contrary to law.

"4. For other matters of law and evidence appearing on the record."

Plaintiff contends that, while admittedly decedent did not work regular hours each morning, he worked for defendant each morning regularly over an extended period of the time he was employed by the Falls Steel & Tube Company, for which employment defendant paid him; that, while admittedly he did not work at one task, yet he did miscellaneous maintenance work essential to maintaining defendant's place of business and apartment and as occasion arose in the store; that, accordingly, he was a regular employee of defendant employed regularly in his business; that by reason of such employment defendant employed three or more workmen, or operatives, regularly in and about his business, and that, therefore, defendant was amenable to the provisions of the Workmen's Compensation Act of Ohio, and plaintiff was entitled to the benefits of the act.

Plaintiff contends further that in directing the verdict to which reference has been made the trial judge recognized that plaintiff introduced sufficient evidence to require a submission to the jury of the issue of whether decedent's death resulted from the admitted injury he received on November 2, 1946; and, that since defendant had two admitted regular employees on November 2, 1946, if the evidence shows decedent was an employee of defendant on that day and regularly prior thereto he was the employer of three employees as provided in the Workmen's Compensation Act of Ohio, and as such amenable to the provisions thereof.

Defendant contends that he employed regularly only two employees; that his wife was not an employee but

his partner; that, accordingly, he was not amenable to the Workmen's Compensation Act of Ohio; and that any work decedent did for him he did as an independent contractor.

On rehearing the parties stipulated and agreed:

"That there are four issues to be determined in this claim, to wit: 1. Whether or not the alleged employer, Paul Powell, doing business as Powell's Market, was an employer of labor within the state of Ohio, and as such amenable to the Workmen's Compensation Act of said state by employing three or more persons in the regular course of his business, as defined in Section 1465-60 of the Ohio General Code. 2. Whether or not the decedent Harry Hoffman, was an employee in the regular course of business of Paul Powell, doing business as Powell's Market, as defined by Section 1465-60 of the Ohio General Code. 3. Whether or not the decedent, Harry Hoffman, suffered an injury which was sustained in the course of and arising out of his employment as an employee of Paul Powell, doing business as Powell's Market. 4. If it be determined that the decedent, Harry Hoffman, sustained such an injury in the course of and arising out of his employment, then was or was not such injury causally related to the death of the decedent, Harry Hoffman."

Notwithstanding such stipulation plaintiff contends by brief that "the only real issue is whether or not there is some evidence in the testimony offered by plaintiff from which the jury might infer that the decedent, Harry P. Hoffman, was an employee of the defendant at the time he fell, within the meaning of that term as used in Sections 1465-60 and 1465-61 of the General Code of Ohio, being that part of the workmen's compensation laws of the state of Ohio referring to issues of coverage and amenability."

A careful review of the evidence submitted to us for review compels us to arrive at the conclusion reached by the trial judge with reference to the first three issues stated in the stipulation, and that stated by plaintiff, *supra*, which precludes the necessity of our determining the fourth issue stated in such stipulation.

Obviously, we find no error prejudicial to plaintiff in any of the respects urged in her assigned grounds of error upon which we pass.

Appellant's counsel has failed to call our attention to "other matters of law and evidence appearing on the record," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his brief "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly, we will not pass upon this assigned ground of error.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRIFFITH, J., concurs.

NICHOLS, P. J., concurs in the judgment.